## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ECLIPSE AVIATION CORPORATION, *et al.*,[1] | Case No. 08-13031 (MFW) <br> Jointly Administered |
| Debtors. | |
| ALPHA-AIRWAYS GMBH, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 09-_____ |
| ECLIPSE AVIATION CORPORATION, KINGS ROAD INVESTMENTS LTD., and JOHN DOES 1 THROUGH 1,000, | |
| Defendants. | |

## COMPLAINT

Alpha-Airways GmbH, including any of its affiliates, including, but not limited to, Alpha Airways GMBH & Co. KG (collectively, "Alpha-Airways"), by and through undersigned counsel, states as follows as and for its complaint against Defendants Eclipse Aviation Corporation ("Eclipse"), King Road Investments Ltd. ("Kings Road") and John Does 1 through 1,000 (the "John Doe Defendants"; together with Eclipse and Kings road, the "Defendants").

### Introduction

1. This action arises from that certain Eclipse 500 Fleet Aircraft Purchase Agreement executed by Alpha-Airways and Eclipse, which was dated by Eclipse on September 29, 2006 (the "Alpha APA", a true and correct copy of which is attached hereto as "Exhibit A"

---

[1] The debtors in these jointly administered cases are Eclipse Aviation Corp. and Eclipse IRB Support, LLC.

and incorporated—together with its attachments—herein by reference).[2] Pursuant to the Alpha APA, Eclipse agreed to sell, and Alpha-Airways agreed to buy ten (10) Eclipse 500 model aircraft (the "Aircraft") manufactured to Alpha-Airways' specifications, at a price of $1,295,000 per aircraft (the "Standard Aircraft Price"), for a total amount of $12,950,000 for all the Aircraft (the "Total Purchase Price"). Eclipse delivered one of the Aircraft. In this action, Alpha-Airways seeks: (I) specific performance of the Alpha APA with respect to the nine (9) undelivered Aircraft; (II) replevin of all the undelivered Aircraft; (III) declaratory judgments as to Alpha-Airways' property interest in the undelivered Aircraft and that said interests are superior to that of any of the Defendants; (IV) declaratory judgment that the undelivered Aircraft are not assets of Eclipse's bankruptcy estate (the "Estate"); (V) the imposition of constructive trusts and equitable liens in Alpha-Airways' favor; and (VI) declaratory judgment that the undelivered Aircraft cannot be sold free and clear of Alpha-Airways' interests.

## Venue and Jurisdiction

2. This is an adversary proceeding under Federal Rules of Bankruptcy Procedure 7001, *et seq.* This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334.

3. Venue lies in this district pursuant to 28 U.S.C. §§ 1408, 1409(a).

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

## The Parties

5. Alpha-Airways GmbH is organized under the laws of the country of Austria, and has its principal office at Harrachstraße 35/2, A-4020 Linz, Austria.

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Alpha APA.

6. Eclipse Aviation Corporation is a corporation organized under the laws of the State of Delaware, and has its principal office at 2503 Clark Carr Loop SE, Albuquerque, New Mexico 87106.

7. On November 25, 2008 (the "Petition Date"), Eclipse filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code. Eclipse is continuing in the management of its business and possession of its property as a debtor-in-possession under 11 U.S.C. §§ 1107(a), 1108.

8. King Road and the John Doe Defendants are each noteholders who have asserted, or may assert, a senior security interest in Eclipse's assets, including the Aircraft. Kings Road is an entity with a principal place of business in New York, New York.

## Background

### A. The Eclipse 500

9. The Eclipse 500 is described by Eclipse as a "revolutionary aircraft," designed to be easy-to-fly, reliable, and fuel-efficient. According to Eclipse, "no comparable aircraft really compares." Eclipse touts the Eclipse 500's low acquisition price, that it has the lowest operating costs of any jet aircraft, and that it offers commercial airliner-like reliability. (Aff. of J. Mark Borseth In Support Of Ch. 11 Pets. & 1st Day Mtns. ¶¶ 13, 14). Furthermore, the Eclipse 500's design allows it to be operated from smaller airports, and thus to access secondary and tertiary markets not accessible by other personal jets. (*Id.* ¶ 14).

10. Eclipse holds itself—and the Eclipse 500—out as the leader of the very light jet market. In May 2006, Eclipse was awarded the Robert J. Collier trophy, which is awarded for "the greatest achievement in aeronautics and astronautics in America", for its production of the Eclipse 500. (*Id.* ¶ 15).

11. Upon information and belief, Eclipse is the sole manufacturer of the Eclipse 500.

B. **The Alpha APA**

12. In 2006, Alpha-Airways decided to purchase ten (10) Eclipse 500 aircraft. To that end, by September 29, 2006, Alpha-Airways and Eclipse executed the Alpha APA.

13. Pursuant to the Alpha APA, Eclipse agreed to manufacture and sell the Aircraft to Alpha-Airways according to certain specifications set forth in the APA. Among other things, Alpha-Airways selected optional features and specifications for the Aircraft, the cost of which were included in the Standard Aircraft Price. Upon information and belief, no other Eclipse aircraft currently has the same features and specifications as the Aircraft.

14. Alpha-Airways paid an initial ten percent (10%) deposit for each of the nine undelivered aircraft at the time of the execution of the Alpha APA for a total of $1,165,500 (the "Initial Deposits").

15. In addition to the Initial Deposits, Alpha-Airways made a further deposit on one of those aircraft in the amount of $918,331.30 on or about December 15, 2006 (the "Additional Deposit"), representing approximately fifty percent (50%) of the final Purchase Price of that aircraft. Upon information and belief, Eclipse has assigned a serial number of 306 to this particular aircraft ("Airplane 306). As a result, Eclipse has received and accepted $1,047,831.30 ($918,331.30 plus $129,500) in deposits from Alpha-Airways toward the Purchase Price of Airplane 306.

16. Upon information and belief, Eclipse has repudiated or breached, or will repudiate or breach, the Alpha APA.

**Count I**
**Specific Performance Pursuant to N.M. Stat. § 55-2-716(1)**

17. Each of the foregoing paragraphs is incorporated herein by reference.

4

18. One or more of the Aircraft are unique within the meaning of N.M. Stat. §55-2-716.

19. Other proper circumstances warrant specific performance, which will be established at trial.

20. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) granting Alpha-Airways right to specific performance of the Alpha APA, free and clear of all rights and interests of the Defendants and (2) granting such other relief as the Court deems appropriate.

## Count II
### Replevin Pursuant to N.M. Stat. § § 55-2-711(2)(b) and 55-2-716(3)

21. Each of the foregoing paragraphs is incorporated herein by reference.

22. Upon information and belief, one or more of the Aircraft have been designated by the Debtors for Alpha-Airways.

23. Alpha-Airways is unable to effect cover for the Aircraft, or circumstances indicate effort to cover would be unavailing, inasmuch as Alpha-Airways cannot obtain covering goods because Eclipse is the sole manufacturer of the Eclipse 500, and any effort by Alpha-Airways to obtain cover would entail unreasonable expense, delay, and inconvenience.

24. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) granting Alpha-Airways the right to replevy the Aircraft, free and clear of all rights and interests of the Defendants and (2) granting such other relief as the Court deems appropriate.

## Count III
### Declaratory Judgment That Alpha-Airways Has Special Property Rights in Aircraft Pursuant to N.M. Stat. § 55-2-501

25. Each of the foregoing paragraphs is incorporated herein by reference.

26. As of the Petition Date, Alpha-Airways had special property interests in one or more of the Aircraft pursuant to N.M. Stat. § 55-2-501.

27. Upon information and belief, an actual controversy presently exists between Alpha-Airways and Eclipse and the other Defendants concerning Alpha-Airways' and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

28. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) declaring that Alpha-Airways possesses fully valid and enforceable special property rights and interests in the Aircraft under N.M. Stat. § 55-2-501 and (2) granting such other relief as the Court deems appropriate.

### Count IV
### Equitable Lien

29. Each of the foregoing paragraphs is incorporated herein by reference.

30. Alpha-Airways has rights to specific property, or its proceeds, applied toward the payment of a specific debt – the Initial Deposits and the Additional Deposit (collectively, the "Deposits").

31. The equities dictate that Alpha-Airways be granted equitable liens against the Aircraft and/or the Deposits to ensure that Alpha-Airways' substantial interests in the Aircraft and the Deposits are not lost.

32. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) granting Alpha-Airways an equitable lien in the Aircraft and/or the Deposits and (2) granting such other relief as the Court deems appropriate.

## Count V
## Constructive Trust

33. Each of the foregoing paragraphs is incorporated herein by reference.

34. Alpha-Airways is the purchaser of the Aircraft under the Alpha APA.

35. Alpha-Airways is the equitable owner of the Aircraft. Eclipse owns, at most, bare legal title to the Aircraft.

36. Eclipse has received and accepted from Alpha-Airways the Deposits totaling $2,083,831.30 toward the purchase of the Aircraft.

37. If Eclipse were permitted to retain the Aircraft and the Deposits, Eclipse would be unjustly enriched at Alpha-Airways' expense.

38. Eclipse has a duty to Alpha-Airways with respect to the Aircraft and the Deposits, and Eclipse has breached that duty through its efforts to sell the Aircraft and the Deposits free and clear of Alpha-Airways' interests.

39. Upon information and belief, it is possible to trace the location of the Aircraft and the Deposits.

40. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) granting the imposition of a constructive trust over the Aircraft and (2) granting such other relief as the Court deems appropriate.

## Count VI
## Declaratory Judgment That Aircraft Are Not Property Of The Estate

41. Each of the foregoing paragraphs is incorporated herein by reference.

42. The Aircraft are not property of the Estate because (i) Alpha-Airways is entitled to specific performance of Eclipse's obligation to deliver the Aircraft and/or replevin of the Aircraft; (ii) Alpha-Airways holds special property interests with respect to the Aircraft under

applicable state law; (iii) Alpha-Airways holds equitable title to the Aircraft and/or (iv) Eclipse holds the Aircraft in constructive trust for Alpha-Airways.

43. Upon information and belief, an actual controversy presently exists between Alpha-Airways and Eclipse and the other Defendants concerning Alpha-Airways' and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

44. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) declaring that the Aircraft are not property of the Estate and (2) granting such other relief as the Court deems appropriate.

### Count VII
### Declaratory Judgment that Alpha-Airways' Interest In The Aircraft Is Superior To That Of Kings Road And The John Doe Defendants

45. Each of the foregoing paragraphs is incorporated herein by reference.

46. Alpha-Airways has special property rights and interests in the Aircraft, equitable title to the Aircraft and/or is entitled to possession, specific performance, replevin, and/or recovery of the Aircraft.

47. Alpha-Airways purchased the Aircraft from Eclipse. Eclipse is in the business of selling aircraft and is not a pawnbroker.

48. Alpha-Airways purchased the Aircraft in good faith and at arms-length without knowledge of any possibly competing claims with respect to the Aircraft.

49. The security interest in favor of Kings Road and the John Doe Defendants in the Aircraft, if any, were created by Eclipse.

50. Upon information and belief, an actual controversy presently exists between Alpha-Airways and Eclipse and the other Defendants concerning Alpha-Airways' and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

51. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) declaring that Alpha-Airways was a buyer in ordinary course, (2) declaring Alpha-Airlines' interest in the Aircraft superior to that of Kings Road and the John Doe Defendants and (3) granting such other relief as the Court deems appropriate.

**Count VII**
**Declaratory Judgment That The Aircraft Cannot Be Sold Under 11 U.S.C. § 363(b)**

52. Each of the foregoing paragraphs is incorporated herein by reference.

53. Eclipse cannot sell the Aircraft under 11 U.S.C. § 363(b) because it is not property of the Estate.

54. Upon information and belief, an actual controversy presently exists between Alpha-Airways and Eclipse concerning Alpha-Airways' and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

55. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) declaring that none of the Aircraft may be sold under 11 U.S.C. § 363(b)(1) and (2) and (2) granting such other relief as the Court deems appropriate.

## Count IX
### Declaratory Judgment That The Aircraft Cannot Be Sold Free And Clear Of Alpha-Airways' Interests Under 11 U.S.C. §363(f)

56. Each of the foregoing paragraphs is incorporated herein by reference.

57. Alpha-Airways holds a special property interest in, a constructive trust over, or an equitable lien on the Aircraft (collectively, the "Equitable Rights").

58. Applicable nonbankrutpcy law does not permit the sale of the Aircraft subject to the Equitable Rights free and clear of the Equitable Rights.

59. Alpha-Airways does not consent to the sale of the Aircraft.

60. An "interest", as that term is used in 11 U.S.C. § 363(f), does not include the Equitable Rights.

61. Certain of the Equitable Rights are not liens. To the extent that any of the Equitable Rights are liens, the aggregate value of the liens exceeds the amount for which the Aircraft might be sold in any proposed sale.

62. The Equitable Rights are subject to legal dispute only, and are not "in bona fide dispute" within the meaning of 11 U.S.C. § 363(f)(4).

63. Eclipse cannot sell the Aircraft "free and clear", as that term is used in 11 U.S.C. § 363(f), of any of the Equitable Rights.

64. Upon information and belief, an actual controversy presently exists between Alpha-Airways and Eclipse concerning Alpha-Airways' and Eclipse's respective rights and property interests with respect to the Aircraft. The controversy is real and immediate, and it is ripe for judicial resolution. A declaratory judgment is needed at this time to resolve any question about the parties' rights and duties with respect to the Aircraft.

65. WHEREFORE, Alpha-Airways requests entry of judgment in its favor against the Defendants (1) declaring that the Equitable Rights are not "interests" as that term is defined in 11 U.S.C. § 363(f); (2) declaring that none of the Aircraft may be sold free and clear of the Equitable Rights under 11 U.S.C. § 363(f) and (3) granting such other relief as the Court deems appropriate.

## **Conclusion**

WHEREFORE, Alpha-Airways respectfully requests that the Court enter judgment in its favor and against the Defendants as follows:

A. Decreeing specific performance of the Alpha APA;

B. Declaring that Alpha-Airways has a right to replevy the Aircraft, free and clear of any liens or encumbrances;

C. Finding and declaring that Alpha-Airways possesses a special property interest in the Aircraft under N.M. Stat. § 55-2-501;

D. Imposing equitable liens over the Aircraft and/or the Deposits in favor of Alpha-Airways;

E. Imposing constructive trusts over the Aircraft and/or the Deposits in favor of Alpha-Airways;

F. Finding and declaring that the Aircraft are not property of the Estate;

G. Finding and declaring that (i) Alpha-Airways was a buyer in the ordinary course; and (ii) Alpha-Airways' property interest in the Aircraft are superior to those of all other interests of Kings Road or the John Doe Defendants;

H. Finding and declaring that the Aircraft cannot be sold under 11 U.S.C. § 363(b);

I. Finding and declaring that the Equitable Rights are not "interests" under 11 U.S.C. § 363(f);

J. To the extent necessary, modifying the automatic stay imposed by 11 U.S.C. § 362(a) to permit Alpha-Airways to take such steps as are reasonable and necessary in the circumstances to obtain delivery and possession of the Aircraft;

K. Finding and declaring that the Aircraft cannot be sold free and clear of the Equitable Rights under 11 U.S.C. § 363(f);

L. Awarding Alpha-Airways its costs and fees incurred prosecuting this action, including reasonable attorneys' fees; and

M. Awarding Alpha-Airways such further relief as the Court deems necessary and proper.

CONNOLLY BOVE LODGE & HUTZ LLP

*[signature]*

Arthur G. Connolly, III (No. 2667)
Karen C. Bifferato (No. 3279)
Timothy M. Holly (No. 4106)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207 (19899)
Wilmington, Delaware 19801
Telephone: (302) 658-9141

*Attorneys for Alpha-Airways*

Dated: January 15, 2009

CBLH: 657690v1